IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No.  3:05CV0394 |
| Plaintiff, | : | Case No.  3:03CR013(3) |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| DAMON C. DAVIS, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

On May 2, 2003, Damon C. Davis pled guilty to conspiring with others to distribute heroin in the Dayton, Ohio area.  (Doc. #75).  On July 28, 2003, Davis was sentenced to an eighty-seven month term of imprisonment.  (Doc. #97).  Davis did not appeal his conviction in the United States Court of Appeals for the Sixth Circuit.  His case is presently before the Court upon his *pro se* Motion under §2255 to Vacate, Set Aside, or Correct Sentence (Doc. #138), Respondent's Answer (Doc. #149), to which Davis has not responded, and the record as a whole.

Davis first claims that his sentence violated his constitutional rights under the new rules announced in *Blakely v. Washington*, 542 U.S.  296 (2004) and *United States v. Booker*, 243 U.S. 220 (2005).  These cases, however, do not apply retroactively to Davis' §2255 Motion, because his conviction became final before both *Blakely* and *Booker*.  *United States v. Lang*, 474 F.3d 348, 353 (6th Cir. 2007); *see United States v. Humphress*, 398 F.3d 855, 860 (6th Cir. 2005).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Davis first claim therefore lacks merit.

Davis next claims that he was actually innocent "based on the fact that the Defendant was misinformed as to the true elements of the charge against him, which led to a[n] unknowing guilty plea." (Doc. #138 at 11). Davis contends that he was incorrectly informed that his mere presence inside a drughouse was enough for a conviction on Count 1 of the indictment – conspiracy to possess with intent to distribute 100 grams or more of heroin. He explains that the Government was required to prove beyond a reasonable doubt "that at some time during the course of this crime that the Defendant actually possessed the drug in question or had display[ed] control over it." *Id*. at 13. He also argues that the Government would have to prove beyond a reasonable doubt that at some time during the course of the crime, he distributed these same drugs and gained a profit from them. *Id*. Davis' contentions lack merit for two reasons. First, Davis procedurally defaulted his claim of actual innocense by failing to file a direct appeal of his conviction. *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002)( "Generally, 'the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.'"). Second, even if Davis' claim was not procedurally defaulted, his claim of actual innocense fails because he misunderstands the elements necessary to prove a conspiracy charge. "[T]o establish a drug conspiracy, the government must prove (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Colon*, 268 F.3d 367, 375 (6th Cir. 2001). These elements of a drug conspiracy do not require the Government to prove that a defendant possessed the drugs involved. *Id*. Davis' contrary contention lacks merit.

Similarly, Davis' contention regarding the need for the Government to prove that he

distributed the drugs and gained a profit from them lacks merit.  To prove a conspiracy, "the government need not show that a defendant participated in all aspects of the conspiracy; it need only prove that the defendant was a party to the general conspiratorial agreement.  Further, the connection between the defendant and the conspiracy need only be slight."  *United States v. Ledezma*, 26 F.3d 636, 640 (6th Cir. 1994).  Although Davis claims he was actually innocent, his contentions provide no basis for concluding that he was not a party to the general conspiratorial agreement.

To the extent Davis also seeks to raise a claim that his counsel provided constitutionally ineffective assistance based on his purportedly incorrect understanding of the elements of conspiracy, his claim lacks merit.  To state a claim under the Sixth Amendment to the United States Constitution based on ineffective assistance of counsel, Davis must show that counsel's performance was deficient and that the deficient performance was prejudicial.  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Davis' counsel's performance was not deficient because the errors claimed by Davis are based on his misunderstanding of the elements constituting a conspiracy.  Indeed, contrary to Davis' position, his attorney would have committed significant error if he had told Davis these incorrect elements of the conspiracy charge.  Because Davis' counsel's performance was not constitutionally deficient, his Sixth Amendment claim lacks merit.

Accordingly, Davis' Motion to Vacate, Set Aside, or Correct Sentence lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Davis' Motion to Vacate, Set Aside, or Correct Sentence (Doc. #138) be DENIED; and

2. This case be terminated on the docket of this Court.

March 12, 2007

                                                     s/ Sharon L. Ovington
                                                      Sharon L. Ovington
                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).